IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY TAMASY and JOHN J. BRYAN, *Administrators of the Estate of Jordan Bryan*, | 2:18-cv-01236-NR |
| Plaintiffs, | |
| v. | |
| YOUGH SCHOOL DISTRICT, | |
| Defendant. | |

**MEMORANDUM OPINION**

**J. Nicholas Ranjan, United States District Judge**

Before the Court is the parties' joint motion to approve a settlement of Plaintiffs' wrongful death and survival claims against the Yough School District. [ECF 35]. For the following reasons, the Court will grant the motion.

**I.      Discussion & Analysis**

Under Section 3323 of the Pennsylvania Probate, Estates, and Fiduciaries Code, court approval is needed "to compromise or settle any claim … by or against an estate." 20 Pa. C.S. § 3323(a). This includes survival actions. *See In re Estate of Merryman*, 669 A.2d 1059, 1060 n. 1 (Pa. Commw. Ct. 1995) ("Since survival actions are intended to preserve the estate and protect the creditors and beneficiaries, court approval is needed for any type of settlement of survival claims."). Relatedly, "[i]t follows that where wrongful death and survival actions are settled for a single amount, the amount apportioned to the survival action must be approved by a court having jurisdiction." *Moore v. Gates*, 580 A.2d 1138, 1141 (Pa. Super. 1990); *see also Walsh v. Strenz,* 63 F. Supp. 2d 548, 551 (M.D. Pa. 1999) ("When the settlement involves both wrongful death and survival claims, court approval of the apportionment … is necessary.").

While Section 3323 "expresses no criterion" for deciding whether to approve a settlement, "the statute contemplates a judicial inquiry into the propriety of a proposed compromise or settlement by the estate, whether or not it is contested[.]" *Krause v. B & O R.R.*, 33 Pa. D. & C.3d 458, 466 (Pa. Com. Pl. 1983). The court approval requirement exists "to protect the estate, as well as the creditors and beneficiaries thereof." *Schuster v. Reeves*, 589 A.2d 731, 734 (Pa. Super. 1991). To that end, "a court may refuse to approve a settlement of a survival action which is inadequate." *Id*. The Court must root its analysis of a settlement's adequacy in "law and established equitable principles," and ultimately determine "whether the proposal is fair and reasonable under the circumstances." *Krause*, 33 Pa. D. & C.3d at 467.

Plaintiffs filed this case in the Westmoreland County Court of Common Pleas on August 20, 2018. The School District then removed the case to this Court under 28 U.S.C. § 1331. [ECF 1]. In their complaint, Plaintiffs alleged that their son, Jordan Bryan, suffered psychological harm, and then tragically committed suicide at age 19, as a result of being sexually abused by a teacher employed by the School District. [ECF 1-1]. In response to the complaint, the School District filed a 12(b)(6) motion to dismiss the complaint, which was granted in part by then-presiding Judge Peter J. Phipps. [ECF 9; ECF 19]. Specifically, Judge Phipps dismissed certain of Plaintiffs' requested relief, but Plaintiffs' cause of action under Title IX, 20 U.S.C. § 1681, survived dismissal. [ECF 19].

The proposed settlement would resolve Plaintiffs' claim for a gross payment of $30,000.00. The settlement funds would be allocated to Jordan Bryan's wrongful death beneficiaries, and thus paid directly to Plaintiffs, rather than to his estate as survival damages. Plaintiffs' counsel also requests that the Court approve a 30% award of attorneys' fees. [ECF 35 at ¶ 13(b)]. In all, approving the settlement would result in a $20,000.00 payment to Plaintiffs and a $10,000.00 payment to counsel.

Having reviewed the record and the parties' motion, the Court finds that the proposed settlement and allocation are reasonable.

**A. The parties' settlement is not "inadequate."**

First, the Court finds that, while modest, the total settlement amount is not "inadequate." *Schuster*, 589 A.2d at 734. Both parties agree that Plaintiffs face significant issues of proof that could hamstring their efforts to establish liability, and that these issues ultimately diminished the settlement value of this case. For example, the parties say that discovery has uncovered no evidence that School District officials received "actual notice" of its teacher's alleged abuse of Jordan Bryan or other students. This makes the School District's Title IX liability unclear. *See Lansberry v. Altoona Area Sch. Dist.,* 318 F. Supp. 3d 739, 750 (W.D. Pa. 2018) (explaining that a Title IX plaintiff "must present evidence that she provided actual notice [of the discriminatory conduct] to an appropriate official at the school.").

The parties also suggest that Plaintiffs may be unable to prove the alleged sexual abuse occurred without testimony from Jordan Bryan himself—a concern that apparently led the Westmoreland County District Attorney to conclude that a "criminal conviction was unlikely[.]" [ECF 35 at ¶ 13(c)]. Moreover, even if the abuse could be established through other evidence, Plaintiffs may be unable to show a causal link between the alleged abuse and Jordan Bryan's later suicide—mainly because, according to the parties, Mr. Bryan left a suicide note that pointed to other stressors in his life and "only briefly mentioned" the abuse. [ECF 35 at ¶ 13(b)].

While these issues may or may not be insurmountable, what is relevant here is that counsel knew of and could account for them when negotiating the proposed settlement. The Court gives "due regard to the advice of the experienced counsel in this case who recommend the settlement [and] … who have negotiated this settlement at arms-length and in good faith." *Collier v. Montgomery Cty. Hous. Auth.*, 192 F.R.D. 176, 186 (E.D. Pa. 2000). That deference is particularly appropriate here, because the parties reached their proposed settlement through

mediation before a third-party neutral. As this Court recently observed in another case, negotiation of a settlement through mediation "suggest[s] reasonableness and neutrality, not incompetence or self-dealing." *Kapolka v. Anchor Drilling Fluids USA, LLC, et al.*, 2019 WL 5394751, at *6 (W.D. Pa. Oct. 22, 2019).

In short, given the substantial legal risks faced by Plaintiffs and the arm's length nature of the parties' negotiations, the Court has no reason to conclude that the settlement reached by the parties is somehow "inadequate." *Schuster*, 589 A.2d at 734.

### B. The parties' proposed allocation of settlement funds is reasonable.

Next, the Court finds that the parties' proposed allocation of the settlement funds is also reasonable. This is so even though the parties seek to allocate the settlement entirely to Plaintiffs' wrongful death claim, rather than to the estate's survival claim.

It is true that scrutiny of an estate's settlement under Section 3323(a) becomes "particularly necessary" when, as here, "only a small portion of the settlement would be paid to the decedent's estate in settlement of the survival action." *Moore*, 580 A.2d at 1141. At the same time, however, "Pennsylvania policy favors wrongful death beneficiaries over estate beneficiaries." *Smith v. Sandals Resorts Int'l, Ltd.*, 709 F. Supp. 2d 350, 359 (E.D. Pa. 2010). Thus, while scrutiny is required, there is nothing inherently suspect or improper about a settlement allocation favoring wrongful death beneficiaries.

Despite the lopsided allocation proposed by the parties, the Court finds no cause for concern here. Plaintiffs are not only Jordan Bryan's wrongful death beneficiaries, but also the administrators of and sole heirs to his estate. Thus, Plaintiffs will be the exclusive beneficiaries of the settlement no matter how it is allocated.

Nor does the proposed allocation have any tax consequences that might adversely impact the public interest. The parties have provided the Court a letter from the Pennsylvania Department of Revenue which states that the Department does not object to the proposed settlement allocation because "any proceeds paid to settle the survival action would pass to decedent's parents and would be subject to a zero percent inheritance tax rate." [ECF 35-3] (citing 72 P.S. § 9116(a)(1.2)). In other words, "regardless of the allocation of the subject proceeds, there would be no inheritance tax consequences." [ECF 35-3]. As a result, the distinction between allocating settlement funds to Jordan Bryan's wrongful death beneficiaries and allocating funds to his estate is, in this case, a distinction without difference.

Finally, the Court also notes that: (1) the parties' settlement is relatively small; (2) the parties have represented that there are no liens or debts owed by Jordan Bryan's estate, [ECF 35 at ¶ 26]; (3) Plaintiffs admit that their "survival damages are uncertain," [*Id.* at ¶ 17], and; (4) Plaintiffs state that their "primary claim was for wrongful death damages … of lost comfort and society[.]" [*Id.* at ¶ 18]. Given all of this, it was reasonable for the parties to bypass the estate and allocate the settlement funds directly to Plaintiffs' wrongful death beneficiaries.

### C. Counsel's requested award of attorneys' fees is reasonable.

Finally, the Court approves the 30% fee award requested by Plaintiffs' counsel. "[I]n private contingency fee cases, particularly in tort matters, plaintiffs' counsel routinely negotiate agreements providing for between thirty and forty percent of any recovery." *In re Ikon Office Sols., Inc., Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000). Counsel also state that the requested 30% award represents a 3% discount from the 33% contingency fee negotiated with Plaintiffs at the start of this case. [ECF 35 at ¶ 20].

Given that this case has been pending since August 2018 and that the parties have engaged in substantial litigation during that time—including briefing & arguing a motion to dismiss and conducting discovery—the Court finds that counsel's requested fee award is standard and appropriate.

## II. Conclusion

For all the reasons discussed above, the Court determines that the parties' settlement agreement is reasonable under the circumstances of this case. The Court thus approves the settlement under 20 Pa. C.S. § 3323(a).

A corresponding order follows.

DATED: November 8, 2019

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge